IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID MANN, #223653, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-791-WHA |
| | ) | |
| KAY IVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
David Mann on November 15, 2017.[2] Mann is an indigent Alabama inmate currently
incarcerated at the Elmore Correctional Facility.

In the instant complaint, Mann complains that in May of 2007, state correctional
officials transferred him to a private prison in Louisiana in violation of his constitutional
rights and state law. Doc. 1 at 5. Mann seeks compensatory and punitive damages. *Id*.
at 6.

---

[1] All documents and page numbers cited herein are those assigned by the Clerk of this court in the
docketing process.

[2] The court "received" the complaint on November 17, 2017. Mann, however, executed the complaint on
November 15, 2017, *Doc. No. 1* at 4, and this is the earliest date he could have placed the complaint in the
prison's mail system. Thus, the court considers November 17, 2017 as the date of filing. *Houston v.
Lack*, 487 U.S. 266, 271-272 (1988) (pro se inmate's complaint deemed filed on date it is delivered to
prison officials for mailing).

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## II. DISCUSSION

### A. Constitutionality of Transfer and Confinement in a Louisiana Prison

Mann alleges that his transfer in May of 2007 to a private prison in Louisiana violated his constitutional rights. It is clear from the complaint that Mann's claims challenging the constitutionality of actions taken by Alabama correctional officials in May of 2007 are barred by the statute of limitations applicable to a federal civil action filed in this court by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The actions about which Mann complains occurred in May of 2007. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Mann from

---

[3]The court granted Mann leave to proceed *in forma pauperis* on November 27, 2017 (Doc. No. 3). A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

application of the time bar.[4]  Thus, the statute of limitations relevant to the claims presented in the complaint began to run in May of 2007 and ran uninterrupted until its expiration sometime in May of 2009.  Mann filed the instant complaint on November 15, 2017.  The filing of this civil action therefore occurred over eight years after expiration of the applicable period of limitations.[5]

Unquestionably, the statute of limitations is generally a matter which may be raised as an affirmative defense.  The court notes, however, that in a § 1983 action filed by a plaintiff proceeding *in forma pauperis*, it may sua sponte consider affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) ("[I]n an action proceeding under section 1915(d) [– the *in forma pauperis* statute now codified as § 1915(e)(2)(B)(i) –], [a court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not

---

[4]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action. Ala.Code § 6-2-8(a).  Mann does not allege that either of these exceptions applies to him.  Instead, the record indicates that Mann had not been deemed legally insane at the time his cause of action accrued.  Moreover, the public records of the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, establish that Mann was born in 1975 and, therefore, over the age of 19 at the time of accrual.  Doc. 19-3 at 25.

[5]Even had Mann timely filed this civil action, he would not have been entitled to relief on his claim of a constitutional violation, as it is neither unreasonable nor unusual for an inmate to serve his sentence in a state other than the convicting state.  *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983).  Moreover, the law is well settled that a convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). In light of the foregoing, a convicted inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id*.; *see Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (the fact that a state inmate is transferred to and incarcerated in a privately operated prison does not raise a federal constitutional claim).

been addressed or raised in the district court. In so doing, [the court is] following consistently the special treatment given to section 1915[] suits."). Consequently, with respect to a complaint filed *in forma pauperis*, "if the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (internal citation omitted).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (alterations in original).

Based on the facts apparent from the face of the present complaint, Mann has no legal basis on which to proceed with respect to his 2007 transfer and subsequent confinement in a Louisiana prison for service of his Alabama sentence. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year

period of limitations applicable to his constitutional claims expired several years prior to Mann filing the instant complaint. In light of the foregoing, the court concludes that Mann's claims challenging the constitutionality of actions taken against him in 2007 are barred by the applicable statute of limitations. These claims are therefore subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## B.  State Law Claim

Mann alleges that his transfer to the private correctional facility in Louisiana violated state law.[6] However, review of any state law claim is appropriate only upon exercise of this court's supplemental jurisdiction, which is solely within the discretion of the court.  28 U.S.C. § 1367(c)(3) (A district court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction[.]"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (exercise of supplemental jurisdiction is completely discretionary).  "[W]hen the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of [supplemental] jurisdiction" and dismiss the state claim without prejudice.  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Gibbs,* 383 U.S. at 726 (if the federal claims are

---

[6]Mann does not cite the state law on which his claim is based.  In addition, this court has found nothing in Alabama law that prohibits correctional officials from entering into a contract to incarcerate Alabama prisoners with a private correctional facility either in this state or another state.

dismissed prior to trial, the state claims should be dismissed as well). In the posture of this case, the court concludes that exercise of supplemental jurisdiction over Mann's state law claim is inappropriate.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Insofar as the plaintiff seeks relief under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights, his claims be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The pendent state law claim be DISMISSED without prejudice as this court deems it inappropriate to exercise supplemental jurisdiction over this claim.

3. This case be DISMISSED prior to service of process.

The plaintiff may file his objections to the Recommendation on or before **February 5, 2017**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 22nd day of January, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge